[Doc. No. 33]

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| **ACHILLES CURBISON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil No. 05-5280(JBS)** |
| | : | |
| **ROTAN E. LEE, ESQUIRE,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION**

This matter is before the Court upon the "Motion for Leave to Amend His Complaint Under Fed. R. Civ. P. 15(a)" [Doc. No. 33] filed by *pro se* Plaintiff, Achilles Curbison. Plaintiff seeks leave to file a Second Amended Complaint to assert claims against The Summit Bank, the Chief Executive Officer or President of The Summit Bank and the Board of Directors of The Summit Bank (hereinafter collectively "Summit"); Levy & Levy P.A. and William N. Levy, Esquire (hereinafter collectively "Levy"); Rotan E. Lee, Esquire ("Lee"); and the Estate of Rotan E. Lee, Esquire and the Executor of the Estate of Rotan E. Lee, Esquire (hereinafter collectively "Lee's Estate"). Plaintiff's proposed amendments claim that Summit and Levy conspired to deprive him of his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiff's proposed claims against Lee and Lee's Estate allege legal malpractice. For the reasons discussed herein (1) Plaintiff's request for leave to amend his complaint to add claims against Summit and Levy is denied; (2) Plaintiff's request for leave to amend his complaint to add a claim for legal malpractice against Lee is

granted; and (3) Plaintiff's request for leave to amend his complaint to add claims against Lee's Estate is denied without prejudice.

I.      **Background**

        **A.  Factual Background**

Plaintiff seeks relief for the alleged deprivation of his real and personal property which was seized by the United States in connection with a lawsuit to recoup funds from an alleged check forgery scheme and related criminal investigation.  On April 4, 2000, The Bayer Corporation ("Bayer") filed suit against Summit Bank, Levy & Levy, P.A. and William N. Levy, Esquire, alleging that Summit Bank negligently cashed a forged check issued by Bayer and deposited the funds into the account of Levy & Levy, P.A.  Bayer sought a return of those funds. In the course of that litigation, Summit Bank filed a third party complaint against Neleh Company, LLC ("Neleh") and others that received funds from the forged checks.

In February 2000, the Federal Bureau of Investigation ("FBI") was investigating Plaintiff regarding his participation in a $1.2 million counterfeit check drawn on Bayer's bank account. The investigation allegedly revealed that Plaintiff received $700,000 of this money and used it to purchase a home and two vehicles.  (See December 21, 2006 Opinion of the Honorable Jerome B. Simandle [Doc. No. 31] at 5).  The United States filed a forfeiture action on August 3, 2000 against Plaintiff's home and two vehicles.  A partial default judgment and final order of forfeiture was entered on July 10, 2001 transferring all rights, title and interest in the home and two vehicles to the United States.

        **B.     Procedural History**

Plaintiff filed his original Complaint [Doc. No. 1] on November 7, 2005 on behalf of

2

himself, Neleh and Black Eagle, Inc. ("Black Eagle").   Plaintiff's Complaint named the "United States Government of New Jersey and their Officials" as defendants.  Plaintiff alleged that his property was seized by defendants in connection with a criminal investigation and never returned.  (See Plaintiff's Complaint at ¶¶1 and 5).  On November 16, 2005, the Honorable Jerome B. Simandle informed Plaintiff that his Complaint was deficient and the case would "not be able to be processed or to go forward based upon the defective Complaint."  (See Judge Simandle's November 16, 2005 letter [Doc. No. 2]).  Judge Simandle directed Plaintiff to file an Amended Complaint clarifying the property that he alleged was seized and the parties that allegedly seized his property.  Id.

Plaintiff filed his Amended Complaint on January 27, 2006 [Doc. No. 5].  Plaintiff's Amended Complaint alleged that Defendants Bayer, Chief Executive Officer/President of Bayer, Individual Board of Directors of Bayer, the United States of America, Robert J. Cleary, Andrew O Schiff, Edward R. Davis, Phillip L. Buvia, Michael T. Poulton, Unknown Individual Agents of the FBI, Rotan E. Lee, Esquire, and Timothy J.P. Quinlan conspired to deprive him of his real and personal property.  (See Plaintiff's Amended Complaint at 5).  Plaintiff claims that as a result of Bayer's suit, the FBI, along with the Cherry Hill, New Jersey Police Department, seized the property of Neleh on August 4, 2000.  Plaintiff alleges that the FBI also seized the real, business and personal property of Black Eagle and Plaintiff.[1]  Plaintiff claims that the third party complaint filed by Summit Bank against Neleh in the action brought by Bayer was dismissed without prejudice in June 2001, but that the seized property was never returned and he has not been compensated for the seized property.

_____

[1] Plaintiff was the sole owner of Neleh and Black Eagle.

3

All defendants named in Plaintiff's Amended Complaint with the exception of Lee were dismissed with prejudice via dispositive motions Judge Simandle decided on December 7, 2006 [Doc. Nos. 31 and 32]. The only remaining defendant in the case is Lee. Lee did not file a response to the Complaint. Judge Simandle also dismissed Neleh Company and Black Eagle as Plaintiffs because as corporations they could not be represented by Plaintiff, a non-attorney. (See Judge Simandle's December 7, 2006 Opinion at 10-11). In response to Defendants' dispositive motions Plaintiff attempted to assert "counterclaims" against Summit, Levy, Lee and Lee's Estate. Judge Simandle dismissed Plaintiff's "counterclaims" and directed him to file a motion pursuant to Fed. R. Civ. P. 15 to amend his complaint to add these additional parties. (See December 7, 2006 Opinion of Judge Simandle at 7, n. 3).

## II.      Standards of Review

Pursuant to Fed. R. Civ. P. 15(a), leave to amend pleadings "shall be freely given when justice so requires." Leave shall be freely given in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in previous amendments, undue prejudice or futility of the amendment. Foman v. Davis, 372 U.S. 178, 182 (1962); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "[A]bsent substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (quoting Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1196 (3d Cir. 1994)). An amendment sought pursuant to Rule 15(a) shall be permitted unless it would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4

In determining the futility of an amendment, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  Medpointe Healthcare, Inc. v. Hi-Tech Pharm. Co., Inc., 380 F.Supp.2d 457, 462 (D.N.J. 2005) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d. Cir. 1997)); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).  The Court must accept as true all factual allegations contained in the proposed amended complaint and any reasonable inferences that can be drawn from them.  Brown v. Phillip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001) (citing Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993)).  A motion to dismiss may be granted, or in this case a proposed amendment deemed futile, "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Brown, 250 F.3d at 796 (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## III.    Discussion

### A.    Plaintiff's claims against Summit and Levy

Plaintiff's proposed claims against Summit and Levy allege that they conspired to deprive him of his real and personal property in violation of his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.  Civil rights claims are best characterized as personal injury actions and, therefore, New Jersey's applicable two-year statute of limitations for personal injury actions is applicable to these claims.  Wilson v. Garcia, 471 U.S. 261, 280 (1985); N.J.S.A. §2A:14-2.  Based on the allegations in the Amended Complaint and the proposed Second Amended Complaint, the trigger date for the statute of limitations as to Summit and Levy is the date of the alleged seizure of Plaintiff's property, August 4, 2000.  This is so because a cause of action accrues on the date when "the right to

5

institute and maintain a suit" first arises.  Russo Farms, Inc. v. Vineland Bd. of Ed., 144 N.J. 84,

98 (1996) (citations omitted).  The phrase "the right to institute and maintain a suit" refers to the

"combination of facts or events which permits maintenance of a lawsuit; time of occurrence of

these requisite facts is thereby made the critical point of initial inquiry."  Id. (citations omitted).

Plaintiff's claims arise out of the seizure of his real and personal property by the FBI and

the alleged actions of Summit and Levy that led to the seizure of his property.  Plaintiff alleges in

his proposed Amended Complaint that his property was seized on August 4, 2000.

(See Plaintiff's proposed Amended Complaint at ¶9).  Plaintiff's claims for deprivation of

property began to accrue after his property was seized.  Therefore, the Court finds that August 4,

2000 is the accrual date of Plaintiff's claims against the Summit and Levy Defendants.

Plaintiff did not file his Motion to assert claims against Summit and Levy until December

26, 2006.  Since the claims against Summit and Levy began to accrue on August 4, 2000, and the

statute of limitations ran on August 4, 2002, the claims contained in Plaintiff's proposed Second

Amended Complaint are time-barred unless they relate back pursuant to Fed. R. Civ. P. 15(c)(3).[2]

Pursuant to Rule 15(c)(3), in order for a proposed amendment to relate back to the date of

the original pleading: (1) the proposed amendment must arise out of the same conduct,

transaction or occurrence as set forth in the original complaint; (2) the defendant must have

received notice of the action sufficient to avoid it being prejudiced in maintaining a defense on

the merits; and (3) the defendant knew or should have known that, "but for a mistake concerning

the identity of the proper party, the action would have been brought against the party."  Fed. R.

---

[2] Plaintiff has not alleged any extraordinary circumstance that justify tolling the statute of limitations in this case; nor has Plaintiff requested that the Court toll the limitations period.  See Freeman v. State, 347 N.J.Super. 11, 13 (citations omitted), cert. denied, 172 N.J. 178 (2002).

Civ. P. 15(c)(3); <u>Singletary v. Pennsylvania Dep't of Corr.</u>, 266 F.3d 186, 194 (3d Cir. 2001).

"The rule does not provide for relation back where the initial party sued was intended to be sued, and the omission of the second defendant was, or reasonably appeared to be, a strategic decision and not a mistake concerning the identity of the proposed defendant." <u>Kemp Indus., Inc. v. Safety Light Corp.</u>, Civ. No. 92-95 (ALJ), 1994 WL 532130, at *11 (D.N.J. January 25, 1994). For an amendment to relate back pursuant to Rule 15(c)(3), "a plaintiff may not merely have failed to sue the proposed party; rather, the plaintiff must have initially [intended to sue the proposed party,] sued the wrong party and [be] attempting to correct the mistake." <u>Id.</u> at *12 (quoting <u>Jordan v. Tapper</u>, 143 F.R.D. 567, 574 (D.N.J. 1992)).

Plaintiff's claims against Summit and Levy arise out of the same conduct or occurrence as those set forth in Plaintiff's previous Complaints.  The pleadings allege that Plaintiff was improperly deprived of his real and personal property when his property was seized by the FBI. Plaintiff's claims against Summit and Levy allege that they benefitted from and assisted in the seizure.  The Court, therefore, finds that the allegations against the Summit and Levy Defendants arise out of the same conduct or occurrence as alleged in Plaintiff's previous Complaints.

In order for Plaintiff's proposed claims against Summit and Levy to "relate back," these Defendants must have received notice of Plaintiff's action within 120 days of the filing of the complaint and not be prejudiced in "maintaining a defense on the merits."  "Prejudice and notice are closely intertwined in the context of Rule 15(c)(3), as the amount of prejudice a defendant suffers under Rule 15(c)(3) is a direct effect of the type of notice he receives."  <u>Singletary</u>, 266 F.3d at 194 n.3 (citations omitted).  Notice does not require actual service of process on the party sought to be added, but may be deemed to have occurred when a party who has some reason to

expect his potential involvement as a defendant hears of the litigation through some informal

means.  Id. at 195.  However, notice requires knowledge of the institution of the litigation and not

of the incident that gave rise to the litigation.  Id.  Notice may also be imputed when the

originally named party and the party who is sought to be added are represented by the same

attorney and the attorney likely communicated with the latter party that he may be joined in the

action.  Id.  Finally, notice may be imputed through the "identity of interest" method which

provides that when parties are so closely related in their business operations or other activities

that the institution of an action against one serves to provide notice to the other.  Id. at 197.

There is no evidence in the record that Summit and Levy had notice of Plaintiff's action

within 120 days of the filing of either Plaintiff's Complaint or First Amended Complaint.[3]

Summit and Levy were not named defendants in Plaintiff's Complaint or First Amended

Complaint and Plaintiff has not provided any evidence that these parties had actual notice of

Plaintiff's Complaints.  Notice also cannot be imputed to Summit or Levy.  There is no evidence

that they are represented by an attorney that previously represented one of the other defendants

named in the case.  They also are not sufficiently related to the previously named defendants to

impute liability under the "identity of interest" theory.  While Summit does business with Bayer,

their business operations are not so closely related that notice to Bayer of Plaintiff's action also

provides notice to Summit.  Summit and Levy did not have notice of Plaintiff's action within 120

days of the filing of Plaintiff's previous Complaints.  Since the Court finds that Summit and Levy

---

[3] It is not material to this Court's decision whether the Court determines that Plaintiff's
Complaint filed on November 7, 2005, and subsequently deemed deficient by Judge Simandle in
his November 16, 2005 letter, or Plaintiff's First Amended Complaint filed on January 27, 2006,
is the "original pleading" for purposes of Fed. R. Civ. P. 15(c).  The Court is ruling that
Plaintiff's proposed amendments do not relate back.

did not have notice of the action, it is unnecessary to determine whether they would be prejudiced in "maintaining a defense on the merits."

Finally, Plaintiff's failure to include Summit and Levy as defendants in his previous Complaints was not due to mistaken identity. Plaintiff chose to name certain entities and individuals as defendants in his previous Complaints and chose to exclude Summit and Levy. The Court, therefore, concludes that Plaintiff's proposed claims against Summit and Levy do not relate back to Plaintiff's previous Complaints and are, therefore, barred by the applicable statute of limitations and are futile.

**B.     Plaintiff's proposed claims against Lee**

Plaintiff's proposed Amended Complaint is by no means the model of clarity and it is difficult to determine when Plaintiff's claims against Lee began to accrue. However, a proposed amendment may be deemed futile "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown, 250 F.3d at 796 (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). The Court must accept as true all factual allegations contained in the proposed amendment and any reasonable inferences that can be drawn from them. Id. The allegations must be viewed in the light most favorable to Plaintiff. See Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935 (1985) ("For purposes of a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, we must accept all well pleaded allegations in the complaint as true and view them in the light most favorable to Plaintiff"). Furthermore, *pro se* submissions must be held to a less stringent standard than those drafted by an attorney. Lewis v. Attorney Gen. of United States, 878 F.2d 714, 722 (3d Cir. 1989). Since it is not clear from the

9

pleadings when Plaintiff's claims against Lee began to accrue, the Court must permit Plaintiff to amend his complaint to allege his proposed claim for legal malpractice against Lee.  However, in permitting Plaintiff to amend his complaint the Court is not making any determination as to the timeliness of Plaintiff's claims and Lee may raise any applicable defenses, including the defense that Plaintiff's claim is barred by the statute of limitations.

      **C.**     **Plaintiff's proposed claims against Lee's Estate**

Plaintiff proposes to add claims for legal malpractice against Lee's Estate.  However, Plaintiff has failed to provide evidence that Lee is deceased.  In addition, no Suggestion of Death has been filed of record.  Plaintiff cannot sue Lee's Estate if Lee is not deceased.  Absent evidence that Lee is deceased, a claim against his estate is futile.  Therefore, this proposed amendment must be denied.

**IV.**    **Conclusion**

For the reasons stated above, on this 31st day of July 2007, the Court finds that (1) Plaintiff's request for leave to amend his complaint to allege claims against Summit and Levy is denied; (2) Plaintiff's request for leave to amend his complaint to allege claims against Lee is granted; and (3) Plaintiff's request for leave to amend his complaint to allege claims against Lee's Estate is denied without prejudice.  An accompanying Order will be entered.

           /s/ Joel Schneider
           JOEL SCHNEIDER
           United States Magistrate Judge